IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFERY ALAN VAUGHN, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| SHERIFF BUTCH CONWAY et al., | : | CIVIL ACTION NO. |
|     Defendants. | : | 1:16-CV-501-WSD-JKL |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Jeffery Alan Vaughn, confined in the Gwinnett County Detention Center in Lawrenceville, Georgia, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1.] The Court granted Plaintiff's request for leave to proceed *in forma pauperis* [Doc. 3], and the case is now before the Court for review under 28 U.S.C. § 1915A. For the reasons discussed below, the undersigned recommends that this action be dismissed as frivolous.

I.    Standard of Review

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable

basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*,

261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

II.   Discussion

Plaintiff brings this action against the following Defendants: Gwinnett County Sheriff Butch Conway; District Attorney Danny Porter; Assistant District Attorney Marlene Zester; Superior Court Judge Ronnie Batchelor; Clerk of Courts Richard Alexander; and Attorney David Whitman, who was appointed to represent Plaintiff in an unspecified criminal case. [Doc. 1 at 1, 3-4, 6.] Plaintiff alleges that Whitman pressured him to plead guilty on March 20, 2015. [*Id.* at 3-4.] Plaintiff refused, and Whitman "became [irate]." [*Id.* at 4.] On May 1, 2015, Plaintiff again told Whitman that he wanted to go to trial. [*Id.* at 7.] On June 4, 2015, a different attorney was appointed to represent Plaintiff. [*Id.* at 7-8.] Plaintiff alleges no meaningful facts regarding any Defendant other than Whitman. Plaintiff seeks monetary relief. [*Id.* at 4-5.]

Plaintiff cannot sue Whitman under § 1983 because he "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 318-19, 325 (1981). Plaintiff's claims against the other Defendants should be dismissed because

3

he makes no meaningful allegations against them. Accordingly, this action should be dismissed as frivolous.

Based on Plaintiff's complaint, it appears that his criminal charges have not been adjudicated. In the event that Plaintiff attempts to amend his complaint to raise viable § 1983 claims in connection with his charges, such as false arrest or malicious prosecution, such claims should be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

> In *Younger*, the Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances. . . . The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights. . . . *Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges.

*Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (per curiam) (citations omitted). "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94

(2007); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994). In the present case, all three requirements of *Younger* abstention are satisfied. Therefore, in the event that Plaintiff attempts to raise viable § 1983 claims in connection with his charges, those claims should be stayed and this action should be administratively closed.[1]

III.   Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that this action be **DISMISSED** as frivolous.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 1st day of March, 2016.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff was convicted before he executed his complaint, any viable § 1983 claims that he may attempt to raise in connection with his conviction cannot proceed unless his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck*, 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Such claims would be subject to dismissal as frivolous.